IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BETHANY R. SCRIVNER, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-08-008-SPS
 )
MICHAEL J. ASTRUE, Commissioner )
of the Social Security Administration, )
 )
        Defendant. )

**OPINION AND ORDER AWARDING
ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA**

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks an award of attorneys' fees and costs in the aggregate amount of $5,281.00 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 21]. The Plaintiff also seeks a declaration by the Court: (i) that her attorney has a lien on any EAJA award; and, (ii) that said lien has priority over any right of offset the government may claim. The Commissioner indicates that he has no objection to an award of $5,281.00 to the Plaintiff as a prevailing party, but he *does* object to the imposition of any lien claims against the government.

The Plaintiff contends that any EAJA award belongs to her attorney even though the Plaintiff must herself request the award. While this contention might be viable elsewhere, it was rejected in this circuit. *See Manning v. Astrue,* 510 F.3d 1246, 1252 (10th Cir. 2007), *cert. denied*, __ U.S. __, 77 USLW 3020 (2008) ("Ms. Manning argues that even though the

EAJA statute gives her the right to claim the fees, her attorney has the right to receive the awarded fees. . . . [W]e reject this argument."). The *Manning* court made numerous statements flatly inconsistent with the idea that an award under the EAJA belongs to an attorney rather than to a prevailing party. *See*, *e. g.*, *id.* at 1249-50 ("As the district court found, this statutory language clearly provides that the prevailing party, who incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees."); *id.* at 1251 ("Although the statutory language alone makes it clear that the prevailing party and not the attorney may recover an award of attorney's fees, the legislative history for the EAJA also makes it clear that certain prevailing parties, and not their attorneys, may recover attorney's fees when the government's action was not substantially justified. . . . This statement of purpose directly addresses the question whether the EAJA fees are for the claimant or for the claimant's attorney and clearly states that the fees are for the claimant."); *id.* at 1252 ("Further support for the conclusion that *the EAJA award is for the prevailing party and not for the attorney* is the settled law that the attorney does not have standing to apply for the EAJA fees; that right belongs to the prevailing party.") [emphasis added]; *id.* at 1254 ("But because, as discussed above, *the EAJA attorney's fees belong to the prevailing party*, we can easily conclude that Ms. Manning is properly taxed on that income.") [emphasis added]; *id.* at 1255 ("Although *we conclude that the award of EAJA attorney's fees is to Ms. Manning and not to her attorney*, we recognize that perhaps the answer is not as clear as it would appear to be from the statutory language, legislative history, and case law.") [emphasis added]. The *Manning* court also considered and rejected many of the arguments made here by the Plaintiff.

One argument made by the Plaintiff that was not addressed in *Manning* is that her attorney has a statutory charging lien on her EAJA award with priority over the government's right of offset under 31 U.S.C. § 3716. *See Manning,* 510 F.3d at 1249 ("[W]e do not address any issue concerning an attorney's lien. Specifically, we decline to address whether an attorney's lien attached to the award of attorney's fees; if a lien attached, how that lien attached; how to enforce an attached attorney's lien; how to collect on the attorney's lien; or whether a lien would have priority.").[1] But unlike the *Manning* case, there is no indication here that the Plaintiff owes the government any debt against which her EAJA award may be offset. Thus, any resolution of the lien claim asserted by the Plaintiff on behalf of her attorney would be advisory only, and the Court therefore declines to address it. *See, e. g., Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.' Its judgments must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"), *citing North*

---

[1] While it is not entirely clear, the Plaintiff seems to be suggesting that attorneys' fees awarded under the EAJA belong to her attorney *because* there is a statutory charging lien on the award. But Oklahoma law is to the contrary, *i. e.*, a lien creates no ownership interest. *See, e. g., Williamson v. Winningham,* 1947 OK 231, ¶ 23, 186 P.2d 644, 650 ("A lien is a charge upon property for the payment or discharge of a debt or duty. It is a qualified right, a proprietary interest in the property of another.") [citations omitted]. *See generally* 51 AM. JUR. 2D *Liens* § 2 ("A lien is only a charge or encumbrance upon property; it is not a title to property; and it is necessarily supposed that title is in someone other than the lienholder.").

*Carolina v. Rice,* 404 U.S. 244, 246 (1971), *quoting Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241 (1937).²

Accordingly, the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 21] is hereby GRANTED insofar as it seeks an award of attorneys' fees and costs to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded attorneys' fees in the amount of $4,931.00 and costs in the amount of $350.00. The Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 21] is otherwise DENIED.

**IT IS SO ORDERED** this 26th day of May, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

---

² It is worth noting that the Plaintiff offers no proof of her claim that her attorney has a charging lien on the proceeds of this action (including any EAJA award), such as an endorsement on the initial pleading filed herein. *See* 5 Okla. Stat. § 6. Nor do the statutes cited by the Plaintiff in support of her claim that the charging lien has priority over the government's right of offset mention any such priority. *See* 31 U.S.C. §§ 3711, 3716. Further, the fact that the government's right of offset survives an *assignment* of the claimant's right to receive payment suggests that the right of offset would likewise survive the granting of a lesser interest such as a lien. *See* 31 C.F.R. § 285.5(e)(6)(ii)(C) (indicating that the government's right of offset is not defeated by any assignment unless "the debtor has properly assigned the right to such payments and *the debt arose after* the effective date of the assignment.")[emphasis added]. In any event, sovereign immunity generally bars the assertion of any lien claim against funds held by the government. *See, e. g., Knight v. United States,* 982 F.2d 1573, 1578 (Fed. Cir. 1993) ("[U]nless the United States has submitted itself to such state law, an attorney lien statute, like a state garnishment statute, has no force or effect against it and places no restraints on the government's payment of its obligations to another, including the payment of wages."). *See also Department of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 264 (1999) ("Our holding today is in accord with our precedent establishing that sovereign immunity bars creditors from attaching or garnishing funds in the Treasury, or enforcing liens against property owned by the United States[.]") [citations omitted].